UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY FRANCES JELKS ] | |
| ] | |
| v. ] | No. 3-07-0133 |
| ] | Judge Haynes |
| UNITED STATES POSTAL SERVICE ] | |
| JOHN E. POTTER, ] | |
| POSTMASTER GENERAL ] | |

O R D E R

Plaintiff, Mary Frances Jelks, a postal employee, filed this discrimination action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on sex and race, by the Defendant, John E. Potter, Postmaster General. Before the Court is the Defendant's motion (filed July 30, 2007; Docket Entry No. 9) to dismiss or in the alternative for summary judgment and memorandum (Docket Entry No. 10) in support, contending that Plaintiff's complaint should be dismissed as untimely.

Plaintiff was terminated from employment with the United States Postal Service during her ninety day probationary period on June 4, 2004. (Docket Entry No. 11) Declaration of Dino DeSorbo, attachment thereto, Exhibit B. On June 7, 2004, Plaintiff contacted an EEO counselor and alleged that she had been discriminated against in her employment. Id. On July 21, 2004, Plaintiff received a Notice of Right to File an EEO Complaint of Discrimination. Id. On August 3, 2004, Plaintiff filed a formal EEO complaint. Id.; Exhibits C and D.

On June 9, 2006, Plaintiff requested a dismissal of her EEOC charge to pursue her claim in federal court. On June 13, 2006, the EEOC issued an Order of Dismissal and remanded Plaintiff's claim to the Postal Service for issuance of a final agency decision. Id.; Exhibit E. On July 17, 2006, the Agency issued its Final Agency Decision denying Plaintiff's claims of discrimination on the basis of sex and race. Id.; Exhibit F. The Agency's decision plainly advised Plaintiff that she had thirty days to appeal the Postal Service's final decision to the EEOC in Washington, D.C. Alternatively, Plaintiff was advised that she could file suit in United States district court (1) within ninety days from receipt of the Final Agency Decision, (2) within ninety days from the EEOC's final decision on any appeal, or (3) within 180 days from the date of filing an appeal with the EEOC if no final decision had been rendered. Id.

Plaintiff did not file an appeal with the EEOC. Id.; Exhibit A. Thus, Plaintiff had ninety days to file suit in federal court. See 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407(a). On October 17, 2006, Plaintiff submitted her complaint to the Clerk's office, along with an application to proceed in forma pauperis. The Clerk stamped the complaint "received" and filed the IFP application. See Jelks v. Potter, 3:06-mc-00123, Docket Entry No. 1. While noting that Plaintiff had limited resources, the Court found that Plaintiff had sufficient funds to pay the filing fee and

on October 25, 2006, ordered that Plaintiff initially pay one-third of the filing fee and the balance over three months and the Clerk was to file the complaint upon payment of the initial amount. Id., Order, Docket Entry No. 2.

On January 24, 2007, Plaintiff filed a motion for extension of time to pay the filing fee and tendered a payment of $100. Id., Docket Entry No. 3. Plaintiff's complaint was filed by the Clerk on January 30, 2007. Jelks v. Potter, 3:07-cv-0133, Docket Entry No. 1. On May 14, 2007, the Court entered an order (Docket Entry No. 2) granting Plaintiff's motion and gave Plaintiff to the end of the year to pay the balance of the filing fee. Plaintiff has failed to do so.

A civil action is commenced by a party filing a complaint with the clerk of court. Fed. R. Civ. P. 3, 5(d). A party instituting any civil action must pay a filing fee of $350. 28 U.S.C. § 1914(a). Here Plaintiff submitted her complaint within the requisite ninety-day time frame with her in forma pauperis application.

A complaint is deemed filed "when it along with an application to proceed in forma pauperis are presented to the clerk's office and the clerk's office takes possession of the complaint and the application is granted, notwithstanding the fact that the complaint is not formally stamped filed." Dean v. Veterans Admin. Reg'l Office, 943 F.2d 667, 671 (6th Cir. 1991), vacated and remanded on

3

other grounds, 503 U.S. 902 (1992). The ninety-day time period is tolled during the pendency of the plaintiff's IFP application. Truitt v. County of Wayne, 148 F.3d 644, 647-48 (6th Cir. 1998).

In Truitt, the Sixth Circuit addressed the question: "What happens when the district court denies the IFP application and the plaintiff does not promptly pay the filing fee?" Id. at 647. The Court concluded that a complaint is deemed filed "only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court." Id. at 648. The Court explained that "[a]n application for IFP status should not permit a litigant an indefinite suspension of time in which to file a complaint; such a result would thwart congressional intent for a shorter limitations period in Title VII cases in which damages such as backpay may be mounting." Id.

Here the Court gave Plaintiff three months in which to pay the filing fee. The Court then gave Plaintiff until the end of the year to pay the balance of the fee. Thus, Plaintiff has had more than a year in which to pay the balance of the filing fee but has failed to do so.

"[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984).

4

The record does not warrant equitable tolling for Plaintiff's failure to pay the filing fee within the time frame allowed. Federal courts only sparingly bestow equitable tolling. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000); Truitt, 148 F.3d at 648 (Court finding equitable tolling inappropriate where the plaintiff allowed 120 days to pass after notification that the district court denied her IFP application before she paid her filing fee). Therefore, the Defendant's motion (Docket Entry No. 9) to dismiss or in the alternative for summary judgment is **GRANTED**.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the __11th__ day of February, 2008.

WILLIAM J. HAYNES, JR.
United States District Judge

5